J-S76037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY HILL, | |
| Appellant | No. 3851 EDA 2016 |

Appeal from the PCRA Order November 14, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0001816-2011

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 23, 2018**

Appellant, Larry Hill, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, after a hearing.  We affirm.

On May 17, 2012, after the start of jury selection in his criminal trial, Appellant pleaded guilty to three counts of attempted murder, one count of criminal conspiracy, and one count of possessing an instrument of a crime.[1] The charges related to Appellant's shooting at three Philadelphia police officers.  In exchange for his plea, the Commonwealth agreed to *nolle pros* the remaining charges, and recommend an aggregate sentence of not less

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 903(a)(1), and 907(a), respectively.

than ten nor more than twenty years of incarceration. The trial court sentenced Appellant to the agreed upon term of imprisonment. On May 24, 2012, Appellant filed a motion to withdraw his guilty plea, which the trial court denied on June 14, 2012. Appellant did not file a direct appeal.

On February 20, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended petition on January 21, 2016, alleging that Appellant's guilty plea was not valid because plea counsel incorrectly advised him that he would be eligible for parole after having served only seven years.[2]

The PCRA court conducted an evidentiary hearing on November 14, 2016. At the conclusion of the hearing, the court found that counsel had rendered ineffective assistance when she failed to inform Appellant of the denial of his motion to withdraw. However, the court found that Appellant's claim that counsel told him he only had to serve seven years to be incredible. Thus, the court denied Appellant's claim that counsel was ineffective and had induced him to unknowingly plead guilty. Appellant timely appealed the PCRA court's denial of his claim that plea counsel rendered ineffective assistance regarding the guilty plea.[3]

---

[2] Appellant filed a counseled second amended petition on October 5, 2016.

[3] Pursuant to the PCRA court's order, Appellant filed a statement of errors complained of on appeal on January 4, 2017. The PCRA court entered its opinion on June 28, 2017. **See** Pa.R.A.P. 1925.

Appellant raises one question on appeal: "Did the PCRA court err in denying [his] request to withdraw his guilty plea?" (Appellant's Brief, at 3) (unnecessary capitalization omitted).

Appellant argues that the PCRA court erred when it denied his petition with respect to his claim of ineffective assistance of plea counsel. (**See id.** at 7-8). Specifically, he contends that counsel induced him to plead guilty by telling him that he would only have to serve seven years of his ten-year minimum sentence. (**See id.** at 8). Appellant's issue does not merit relief.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citation omitted).

Here, Appellant claims that he is entitled to relief because of the ineffectiveness of plea counsel.

> To be entitled to relief on an ineffectiveness claim, a PCRA petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) he suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability the result of the proceeding would have been different. [**See**] **Commonwealth v. Chmiel**, 612 Pa. 333, 30 A.3d 1111,

1127 (2011) (employing ineffective assistance of counsel test from **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975–76 (1987)). Counsel is presumed to have rendered effective assistance. . . .

**Commonwealth v. Treiber**, 121 A.3d 435, 445 (Pa. 2015) (one citation and footnote omitted).

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> [T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made. Moreover, with regard to the prejudice prong, where an appellant has entered a guilty plea, the appellant must demonstrate it is reasonably probable that, but for counsel's errors, he would not have pleaded guilty and would have gone to trial.

**Commonwealth v. Timchak**, 69 A.3d 765, 769-70 (Pa. Super. 2013) (citations and quotation marks omitted).

In the instant case, the PCRA court explained that:

> At the [evidentiary] hearing, [Appellant] testified that he had not wanted to accept the Commonwealth's plea offer but did so after his attorney promised him (and his family) that he would only have to serve [seven] years of the [ten to twenty] year sentence. He admitted that his attorney did not explain why he would be permitted to serve below the minimum sentence, but was "guessing it was good time earned time." [(N.T. PCRA Hearing, 11/14/16, at 26)]. Only when one of his cellmates told

- 4 -

him that he would have to serve more than [seven] years did [Appellant] decide to withdraw his guilty plea. . . .

Plea counsel . . . testified that when presenting the Commonwealth's offer, she never told [Appellant] or any family member that he could be released from custody in as few as [seven] years. Instead, her practice was to inform clients facing violent charges that "[g]enerally speaking, you can expect not to get paroled or you can be seriously considered for parole after you have done about [seventy-five] percent of your **max time**." *Id.* at 47[.] Moreover, although she considered the Commonwealth's offer a good one based upon [Appellant's] sentencing exposure, she did not attempt to persuade him to accept it because she also thought he had a chance at establishing reasonable doubt at trial.

\*   \*   \*

The [PCRA] court found [Appellant's] testimony that his attorney had promised him he would be released after [seven] years incredible and denied his claim of ineffectiveness as to the entry of his guilty plea. . . .

(PCRA Court Opinion, 6/28/17, at 3-4) (some record citations omitted; emphasis in original).

The PCRA court found Appellant's claim that plea counsel promised him that he would be released after seven years incredible. (**See id.**). We are bound by the credibility determinations of the PCRA court. **See Commonwealth v. Santiago**, 855 A.2d 682, 694 (Pa. 2004) ("[W]e are bound by the PCRA court's credibility determinations where there is record support for those determinations.") (citation omitted). The PCRA court's finding is supported by the record and free of legal error. **See Rykard**, **supra** at 1183. Thus, we conclude that Appellant has failed to demonstrate that plea counsel's ineffectiveness caused him to enter an unwilling or unknowing plea. **See Timchak**, **supra** at 769-70. Appellant's claim does not merit relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/23/18